**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRIAN GANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:25-cv-1811-MTS |
| | ) | |
| ANDREW DALE LASKE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on review of the file, during which the Court identified an issue with its subject-matter jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). Defendants removed this action from the Circuit Court of the City of St. Louis claiming that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a). Doc. [1] ¶ 3; *see also* 28 U.S.C. § 1441(a) (allowing removal of any civil action over which the district courts of the United States have original jurisdiction). Defendants, though, have not established this Court's diversity jurisdiction.

\*

For the Court to have diversity jurisdiction under § 1332(a)(1), besides the amount in controversy exceeding $75,000, Plaintiff cannot be a citizen of the same states as Defendants. *Wilkerson v. Mo. Dep't of Mental Health*, 279 F. Supp. 2d 1079, 1080 (E.D.

Mo. 2003).  This diversity of citizenship must exist "both when the plaintiff initiate[d] the action in state court and when the defendant file[d] the notice of removal in federal court." *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013); *accord Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (finding removal defective because defendant's notice failed to specify party's citizenship "when the suit was commenced").  This requirement is not new.  *See Gibson v. Bruce*, 108 U.S. 561, 563 (1883).

Here, while Defendants' Notice alleges the parties' diverse citizenship at the time of removal, *see* Doc. [1] ¶¶ 5–8, there are no allegations concerning the parties' citizenship when Plaintiff filed his action in the Circuit Court of the City of St. Louis.  What is more, Plaintiff's Petition, filed ten weeks ago, specifically alleges that Defendant Andrew Laske "is a resident of Warren County, Missouri."  Doc. [9] ¶ 2.  To be sure, being a *resident* of a state is not the same thing as being a *citizen* of the state.  *See Reece*, 760 F.3d at 777–78 (finding allegation that a party was an Arkansas "resident" inadequate); *accord Seven Resorts, Inc. v. Cantlen*, 57 F.3d 771, 774 (9th Cir. 1995) (F. Gibson, J., sitting by designation).  But given that the only information in the record that even hints at Defendant Laske's time-of-filing citizenship suggests that the parties were *not* diverse, it is particularly vital that Defendants show that diversity existed when Plaintiff initiated this case.  *See Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014) (noting "party seeking removal has the burden to establish federal subject matter jurisdiction"); *see also* 14C *Wright & Miller's Federal Practice and Procedure* § 3723

- 2 -

(Rev. 4th ed.) (explaining that "if, after filing of the complaint in state court, the defendant changed its citizenship so that it became diverse from the plaintiff at the time of removal to federal court, removal would be improper").

* * *

If Defendants can establish this Court's subject-matter jurisdiction, they must file an amended notice of removal that addresses the citizenship of every party when Plaintiff filed his action in the Circuit Court of the City of St. Louis and when Defendants removed it. *See City of St. Louis v. Bindan Corp.*, 295 F.R.D. 392, 395 (E.D. Mo. 2013) (discussing when notices of removal may be amended). Failure to properly do so will result in remand of this action without further notice. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1258–59, n.2 (3d Cir. 1996) (recognizing that, while district courts may remand a case without notice, they generally should provide an opportunity for parties to be heard on the issue).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants shall file an Amended Notice of Removal no later than **Monday**, **December 22, 2025**. Failure to do so will result in remand. *See* 28 U.S.C. § 1447(c).

Dated this 17th day of December 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

- 3 -